IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tony Leake, | ) |
|         Plaintiff, | ) Case No. 2:24-cv-04008-RMG-MGB |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Officer Dillion M. Faison, the Town of Summerville, and the Summerville Police Department, | ) |
|         Defendants. | ) |

Plaintiff Tony Leake ("Plaintiff"), through counsel, originally filed this action alleging state law claims and violations of 42 U.S.C. § 1983 ("Section 1983") in the Berkeley County Court of Common Pleas. (Dkt. No. 1-1.) The action was removed to federal court on July 18, 2024. (Dkt. No. 1.) Currently before the Court is Defendants' Motion to Dismiss. (Dkt. No. 6.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. For the reasons set forth below, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 6) should be **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This action arises out of Plaintiff's arrest on May 9, 2022. (Dkt. No. 1-1 at 3.) According to the Complaint, Defendant Dillion M. Faison ("Defendant Faison"), acting in his capacity as a law enforcement officer for Defendant Summerville Police Department ("Defendant SPD"), arrested Plaintiff for "Public Disorderly Conduct" in violation of South Carolina Code § 16-17-530 at approximately 10:54 P.M. on May 9, 2022, while Plaintiff was at the Carolina Ale House in Summerville, South Carolina. (*Id.*) Plaintiff claims that he had "done nothing to justify an arrest"

1

but was nonetheless arrested "in full view of other diners, restaurant staff, and Plaintiff's party," and was "handcuffed by or at the instigation of Defendant Faison." (*Id*.)

Plaintiff claims that he was then "required [] to walk outside, in handcuffs" and was placed "into the back seat of a police car, all in full view of others in the parking lot and of passing motorists." (*Id*.) Plaintiff alleges that it was "obvious to all who saw Plaintiff in handcuffs in the custody of a uniformed law enforcement officer that Plaintiff was under arrest" and that he was therefore "humiliated." (*Id*. at 3–4.) Plaintiff claims that his handcuffs were "so tight that they caused pain." (*Id*. at 4.) He further claims that "[a]t Defendant Faison's instigation, Plaintiff was then transported to a law enforcement office" where he was "forced to strip and was patted down," causing further humiliation. (*Id*.)

Plaintiff alleges that he was not released from police custody until the following day and that, "[a]s a result of the arrest and while under arrest, Plaintiff's freedom was curtailed." (*Id*.) Plaintiff alleges that "[e]ven after being released from physical custody, [he] was not fully free, as he was released on bond." (*Id*.) According to Plaintiff, his arrest and detainment occurred "without probable cause," and the criminal charges against him were ultimately dismissed on August 16, 2022. (*Id*. at 4–6.)

Plaintiff claims that he "suffered emotional and psychological harm during the time he was in custody . . . [and] stemming from [his] arrest and prosecution after his release from physical custody." (*Id*. at 4.) Plaintiff alleges that he "continues to have anxiety over the arrest and its aftermath" and that "[h]e gets nervous every time he sees a police car." (*Id*.) Plaintiff further alleges that he "suffers bouts of depression as a result of the arrest and related events." (*Id*.) According to Plaintiff, all of these injuries "were caused directly and proximately by Defendants' actions and inactions." (*Id*.)

Specific to Defendant Faison, Plaintiff claims that his injuries "were reasonably foreseeable at the time Defendant Faison undertook his actions," and that Defendant Faison's actions were in violation of the South Carolina Constitution and other state law. (*Id*. at 5.) Plaintiff alleges that his arrest was unconstitutional and contrary to clearly established federal law, and that "[a]ny reasonable officer would have known that arresting Plaintiff violated federal constitutional law and state law." (*Id*.) Plaintiff claims that "Defendant Faison is [w]hite [and] Plaintiff is black" and that "Defendant Faison would not have arrested a white man under similar circumstances." (*Id*. at 6.)

In light of the foregoing, Plaintiff filed the instant civil action bringing the following causes of action against Defendant Faison in both his official and individual capacities, Defendant Town of Summerville, and Defendant SPD: (1) false arrest/false imprisonment in violation of South Carolina state law ; (2) unconstitutional seizure in violation of Section 1983; (3) malicious prosecution in violation of South Carolina state law; and (4) defamation in violation of South Carolina state law. (*See generally* Dkt. No. 1-1.) Plaintiff also brings a claim for negligence/gross negligence against Defendant Town of Summerville and Defendant SPD. (*Id*. at 9.) Plaintiff requests actual, incidental, special, general and consequential damages, as well as attorney fees and costs. (*Id*. at 10.)

On July 31, 2024, Defendants filed a Motion to Dismiss, requesting that the Court dismiss Plaintiff's Section 1983 claims against Defendant SPD, Defendant Town of Summerville, and Defendant Faison in his official capacity; Plaintiff's state law claims against Defendant SPD; Plaintiff's malicious prosecution claims against all Defendants; and Plaintiff's negligence/gross negligence claims against all Defendants. (Dkt. No. 6.) After requesting and receiving extensions of time to respond, Plaintiff responded to the motion on September 4, 2024. (Dkt. No. 11.)

3

Defendants declined to reply to Plaintiff's response by the September 11, 2024 deadline. (*Id.*) As such, the motion before the Court has been fully briefed and is ripe for disposition.

## **LEGAL STANDARD**

Defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 6.) On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v.*

4

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

## DISCUSSION

Defendants assert that Plaintiff's claims should be dismissed because: (1) Plaintiff's Section 1983 claim against Defendant SPD is improper; (2) Plaintiff fails to state a valid Section 1983 claim against Defendant Town of Summerville, Defendant SPD, and/or Defendant Faison in his official capacity; (3) Plaintiff's state law claims against Defendant SPD fail because Defendant SPD is not a proper defendant under the South Carolina Tort Claims Act ("SCTCA"); (4) Plaintiff's malicious prosecution claims are barred by the SCTCA; and (5) Plaintiff's negligence/gross negligence claim is indistinguishable from his malicious prosecution claim. (*See generally* Dkt. No. 6.)

In response, Plaintiff does not object to dismissal of "all claims against [Defendant SPD], provided Defendants stipulate that Defendant Town [of Summerville] is the proper party for claims against the governmental units." (Dkt. No. 11 at 1.) Plaintiff also does not object to dismissal of his Section 1983 claim against Defendant Faison in his official capacity, "provided Defendants stipulate that the Section 1983 individual capacity claim survives." (*Id*.)

As noted above, Defendants declined to reply to Plaintiff's response by the September 11, 2024 deadline. Accordingly, the undersigned assumes that Defendants consent to Plaintiff's requested stipulations. The undersigned therefore **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 6) should be **GRANTED** with respect to Plaintiff's claims against Defendant SPD, and Plaintiff's Section 1983 claim against Defendant Faison in his official capacity. The undersigned considers Defendants' remaining arguments, below.

5

I. **Section 1983**

As mentioned, Plaintiff consents to dismissal of his Section 1983 claims against Defendant SPD and Defendant Faison in his official capacity. (Dkt. No. 11 at 1.) Accordingly, Plaintiff's Section 1983 claim against Defendant Town of Summerville is the only Section 1983 claim remaining for purposes of this Report and Recommendation.[1] (Dkt. No. 6.)

As a municipality, Defendant Town of Summerville's liability under Section 1983 "is limited to deprivations of federally protected rights caused by action taken 'pursuant to official municipal policy of some nature. . . .'" *Pembaur v. City of Cincinnati*, 475 U.S. 469, 471 (1986) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

Here, Plaintiff's Section 1983 claim is based solely upon the allegedly unconstitutional arrest of Plaintiff by Defendant Faison. (*See generally* Dkt. No. 1-1.) Nowhere in the Complaint does Plaintiff allege that Defendant Faison's purported constitutional violations resulted from Defendant Town of Summerville's policies or customs. (*Id.*) Because the Complaint does not allege or suggest that Defendant Faison acted pursuant to a municipal policy, custom, or practice when arresting Plaintiff, the Complaint fails to sufficiently allege a Section 1983 claim against Defendant Town of Summerville. (*Id.*) This claim must therefore be **DISMISSED**.

II. **Malicious Prosecution**

Defendants next contend that Plaintiff's malicious prosecution claims "should be dismissed pursuant to the protections provided to the Defendants by the SCTCA." (Dkt. No. 6 at 5.) In

---

[1] Defendants do not argue for the dismissal of Plaintiff's Section 1983 claim against Defendant Faison in his individual capacity. (*See generally* Dkt. No. 6.)

response, Plaintiff asserts that his malicious prosecution claims against Defendant Town of Summerville and Defendant Faison in his individual capacity are proper and should survive. (Dkt. No. 11 at 1–4.) For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's malicious prosecution claims against Defendant Town of Summerville and Defendant Faison in his official capacity should be **DISMISSED**; however, Plaintiff's malicious prosecution claim against Defendant Faison in his individual capacity should **SURVIVE**.

The SCTCA "is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)." *Wells v. City of Lynchburg*, 501 S.E.2d 746, 749 (S.C. Ct. App. 1998) (internal quotation marks and citation omitted); *see* S.C. Code Ann. § 15-78-200 ("Notwithstanding any provision of law, this chapter, the 'South Carolina Tort Claims Act', is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty"). The SCTCA waives "sovereign immunity for torts committed by the State, its political subdivisions, and governmental employees acting within the scope of their official duties." *Proctor v. Dep't of Health & Envtl. Control*, 628 S.E.2d 496, 502 (S.C. Ct. App. 2006) (referencing *Bayle v. S.C. Dep't of Transp.*, 542 S.E.2d 736, 739 (S.C. Ct. App. 2001). The SCTCA's explicit exceptions to its waiver of immunity include that a "governmental entity is not liable for a loss resulting from . . . [the] institution or prosecution of any judicial or administrative proceeding." S.C. Code Ann. § 15–78–60(23). Defendants contend that Plaintiff's malicious prosecution claims must be dismissed in light of this exception. (Dkt. No. 6 at 5.)

"To maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in [the] plaintiff's favor; (4) malice in instituting

7

the proceedings; (5) lack of probable cause; and (6) resulting injury or damage." *Pallares v. Seinar*, 756 S.E.2d 128, 131 (S.C. 2014) (internal citation omitted). "Because the first element of a malicious prosecution claim requires the institution or continuation of original judicial proceedings, '[i]t is fairly clear from the plain language of the statute, particularly § 15-78-60(23), that the legislature intended to exclude claims for malicious prosecution from the waiver of immunity for governmental entities in the [SCTCA].'" *Land v. Barlow*, No. 2:21-CV-01883-RMG-MHC, 2021 WL 6495298, at *9 (D.S.C. Nov. 17, 2021) (quoting *Thompson v. City of Columbia*, No. 3:05-CV-1605, 2005 WL 8164911, at *4 (D.S.C. July 21, 2005)), *adopted*, 2021 WL 5997984 (D.S.C. Dec. 20, 2021).

It is undisputed that Defendant Town of Summerville is a governmental entity. (*See generally* Dkt. Nos. 1-1, 6, 11.) Accordingly, Defendant Town of Summerville is immune from suit for Plaintiff's malicious prosecution claim and such claim should therefore be **DISMISSED**. *See Land*, 2021 WL 6495298, at *9 (recommending motion to dismiss malicious prosecution claim against town and sheriff's office); *Bellamy v. Horry Cty. Police Dep't*, No. 4:19-CV-03462-RBH-KDW, 2020 WL 2559544, at *5 (D.S.C. Apr. 30, 2020) (recommending dismissal of malicious prosecution claim against police department), *adopted*, 2020 WL 2556953 (D.S.C. May 20, 2020).

Further, "under the SCTCA, for a given tort, either the governmental entity or the employee is liable but not both." *Newkirk v. Enzor*, 240 F. Supp. 3d 426, 436 (D.S.C. 2017). Generally, when a person brings an action against a governmental entity pursuant to the SCTCA, the person "shall name as a party defendant *only* the agency or political subdivision for which the employee was acting." S.C. Code Ann. § 15-78-70(c) (emphasis added); *see also Newkirk*, 240 F. Supp. 3d at 436. Therefore, in most cases, an "employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable and the plaintiff must sue the governmental

8

agency itself." *Newkirk*, 240 F. Supp. 3d at 436. Plaintiff brings malicious prosecution claims against Defendant Town of Summerville and Defendant Faison in his official and individual capacities. (Dkt. No. 1-1 at 5.) Because Plaintiff brings his malicious prosecution claims pursuant to the SCTCA, he cannot bring such claims against both Defendant Town of Summerville and Defendant Faison in his official capacity; Defendant Town of Summerville is the appropriate defendant. *See* S.C. Code Ann. § 15-78-70(c) (noting that claims brought pursuant to the SCTCA against an employee acting within the scope of his official duties must be brought against the agency or political subdivision for which the employee was acting at the time); *see also Etheredge v. Nichols*, No. 8:18-CV-2449-TMC-KFM, 2020 WL 1290519, at *4 (D.S.C. Jan. 24, 2020), *adopted*, 2020 WL 1286383 (D.S.C. Mar. 18, 2020), *aff'd*, 855 F. App'x 134 (4th Cir. 2021). As such, Plaintiff's malicious prosecution claim against Defendant Faison in his official capacity should be **DISMISSED**.

Plaintiff's malicious prosecution claim against Defendant Faison in his individual capacity should, however, survive. "While the [SCTCA] is the exclusive remedy for injury caused by state employees in the scope of official duty, it does not grant an employee personal 'immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted *actual fraud, actual malice, intent to harm*, or a crime involving *moral turpitude*." *Smith v. Ozmint*, 394 F. Supp. 2d 787, 792 (D.S.C. 2005) (emphasis in original) (quoting S.C. Code Ann. § 15–78–70(b)); *see also* S.C. Code Ann. § 15–78–60(17) ("The governmental entity is not liable for a loss resulting from . . . employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude."). Thus, an employee can, in these limited circumstances, be held personally liable by a federal court for some intentional torts committed within the scope of his

9

employment. *Smith*, 394 F. Supp. 2d at 792; *see Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995) (finding that the governmental entity is not liable under the SCTCA, and the employee is personally liable, when the employee's conduct falls within the exceptions listed in section 15–78–70(b)). Here, Plaintiff alleges that Defendant Faison lacked probable cause and "acted *with intent to harm and/or with actual malice*" in initiating and continuing the criminal proceedings against him. (Dkt. No. 1-1 at 8) (emphasis added.) Accordingly, Plaintiff has alleged facts that could preclude Defendant Faison's immunity under the SCTCA. (*Id*.) Dismissal based on immunity is therefore inappropriate at this early stage of the litigation. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (noting that all facts necessary to the affirmative defense of immunity must clearly appear on the face of the complaint for such defense to be decided on a Rule 12(b)(6) motion).

Further, the Complaint plainly alleges the institution or continuation of original judicial proceedings, by or at the instance of Defendant Faison. (*See generally* Dkt. No. 1-1.) The Complaint also alleges that the charges against Plaintiff were ultimately dismissed, and that Plaintiff was injured as a result of the proceedings. (*See generally id*.) As such, the Complaint sufficiently pleads a malicious prosecution claim against Defendant Faison. *See Pallares*, 756 S.E.2d at 131. The undersigned therefore **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 6) be **DENIED** as to Plaintiff's malicious prosecution claim against Defendant Faison in his individual capacity. *See Land*, 2021 WL 6495298, at *10 (denying motion to dismiss malicious prosecution claim against individual officers), *Bellamy*, 2020 WL 2559544, at *6 (same); *see also* S.C. Code Ann. § 15–78–70(b).

### III. Negligence

Lastly, Defendants assert that Plaintiff's negligence/gross negligence claim must be dismissed because it is indistinguishable from Plaintiff's malicious prosecution claim.[2] (Dkt. No. 6 at 6.) Plaintiff retorts that his negligence/gross negligence claim is distinct from his malicious prosecution claim. (Dkt. No. 11 at 4–7.) Plaintiff contends that because his negligence/gross negligence claim requires him to prove different elements than his malicious prosecution claim, he should be permitted to fully develop this claim, and that dismissal is inappropriate at this early stage of the proceedings. (*Id.*) The undersigned agrees.

Indeed, as Plaintiff correctly notes, his negligence/gross negligence claim does not require him to prove the same elements as his malicious prosecution claim. (*Id.*) To maintain an action for negligence, "a plaintiff must show: (1) the defendant owes a duty of care to the plaintiff; (2) the defendant breached that duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury or damages." *Roddey v. Wal-Mart Stores E., LP*, 784 S.E.2d 670, 675 (S.C. 2016) (citation omitted). "Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Etheredge v. Richland Sch. Dist. One*, 534 S.E.2d 275, 277 (S.C. 2000) (citation omitted). It is the failure to exercise even "slight care." *Id.*

Viewing the Complaint in the light most favorable to Plaintiff—as the Court must at this early stage of the litigation—the undersigned finds that Plaintiff has sufficiently alleged the elements of a negligence/gross negligence claim against Defendant Town of Summerville. (*See*

---

[2] It is worth noting that Defendants make no other arguments with respect to dismissal of Plaintiff's negligence/gross negligence claim. (*See generally* Dkt. No. 6.)

*generally* Dkt. No. 1-1.) The undersigned therefore **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 6) be **DENIED** as to such claim.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Dkt. No. 6) be **GRANTED IN PART AND DENIED IN PART**. Specifically, the undersigned **RECOMMENDS** that all of Plaintiff's claims against Defendant SPD and Defendant Faison in his official capacity should be **DISMISSED**. Plaintiff's Section 1983 claim and malicious prosecution claim against Defendant Town of Summerville should also be **DISMISSED**; Plaintiff's malicious prosecution claim against Defendant Faison in his individual capacity should, however, **SURVIVE**. Plaintiff's negligence/gross negligence claim against Defendant Town of Summerville should also **SURVIVE**, as should Plaintiff's claims against Defendant Town of Summerville and Defendant Faison in his individual capacity for false arrest/false imprisonment and defamation.[3]

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 17, 2024
Charleston, South Carolina

---

[3] Plaintiff's false arrest/false imprisonment and defamation claims are not at issue in Defendants' Motion to Dismiss. (*See generally* Dkt. No. 6.)

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).