# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Tony Leake,<br><br>        Plaintiff,<br>  v.<br><br>Officer Dillion M. Faison, the Town of Summerville, and the Summerville Police Department,<br><br>        Defendants. | Case No. 2:24-cv-04008-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Defendants' Motion to Dismiss (Dkt. No. 6) be granted in part and denied in part. (Dkt. No. 12). Plaintiff objects to the Magistrate Judge's recommendation that its state-law malicious prosecution claim against Defendant Town of Summerville be dismissed. (Dkt. No. 13 at 1). Defendants did not reply to Plaintiff's objection. For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

## I.     Background

This suit arises from Plaintiff's arrest by Defendant Faison on May 9, 2022, at the Carolina Ale House in Summerville, South Carolina for Public Disorderly Conduct. Plaintiff alleges that his public arrest, overnight detention and prosecution caused him emotional and psychological harm and that his arrest was unconstitutional and contrary to clearly established federal law. (Dkt. No. 1-1 at 4-6). Plaintiff brings a number of claims against Defendant Faison in his official and individual capacity, Defendant Town of Summerville and Defendant Summerville Police Department ("SPD"), alleging: (1) false arrest/false imprisonment in violation of South Carolina state law; (2) unconstitutional seizure in violation of Section 1983; (3) malicious prosecution in

violation of South Carolina state law; and (4) defamation in violation of South Carolina state law. Plaintiff also brings a claim for negligence/gross negligence against Defendant Town of Summerville and Defendant SPD. (*Id.* at 9).

Defendants moved to dismiss Plaintiff's Section 1983 claims against Defendant SPD, Defendant Town of Summerville, and Defendant Faison in his official capacity; Plaintiff's state law claims against Defendant SPD; Plaintiff's malicious prosecution claims against all Defendants; and Plaintiff's negligence/gross negligence claims against all Defendants. (Dkt. No. 6). Plaintiff consented to the dismissal of his Section 1983 claims against Defendant SPD and Defendant Faison in his official capacity as well as the dismissal of "all claims against [Defendant SPD], provided Defendants stipulate that Defendant Town [of Summerville] is the proper party for claims against the governmental units." (Dkt. No. 11 at 1).

The Magistrate Judge correctly found that the Town of Summerville is the proper governmental entity named in this suit, and recommends dismissal of the claims against Defendant SPD. (*Id.* at 5). In regards to Plaintiff's remaining claims, the Magistrate Judge recommends (1) dismissing Plaintiff's Section 1983 claim against Defendant Town of Summerville; (2) dismissing Plaintiff's malicious prosecution claim against Defendant Town of Summerville and Defendant Faison in his official capacity, but denying Defendants' motion as to Plaintiff's malicious prosecution claim against Defendant Faison in his individual capacity; and (3) denying Defendants' motion as to Plaintiff's negligence/gross negligence claim against Defendant Town of Summerville. (*Id.* at 8-11).

**II.     Legal Standard**

    **A.  Review of R&R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Plaintiff objects to the Magistrate Judge's recommendation that his malicious prosecution claim against Defendant Town of Summerville and Defendant Faison acting in his official capacity

should be dismissed due to governmental immunity.[1] (Dkt. No. 13 at 1). The Court reviews this objection *de novo*.

The South Carolina Tort Claims Act ("SCTCA") "governs all tort claims against governmental entities and is the exclusive civil remedy available in an action against a governmental entity or its employees." *Flateau v. Harrelson*, 584 S.E.2d 413, 416 (S.C. Ct. App. 2003); *see* S.C. Code Ann. § 15-78-20(b). All governmental entities, defined as the State and its political subdivisions, may be held liable for their torts as a private individual would be liable, subject to the limitations and exemptions of the Act. *Hawkins v. City of Greenville*, 594 S.E.2d 557, 563 (S.C. Ct. App. 2004) (citing S.C. Code Ann. §§ 15-78-30(d), 15-78-40)). The SCTCA "is the exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty." S.C. Code Ann. § 15-78-200. "For a government employee to be acting within the scope of his official duty or employment, the employee must be (1) 'acting in and about the official business of the government entity,' and (2) 'performing official duties.'" *Wade v. Berkeley County*, 498 S.E.2d 684, 688 (S.C. 1998) (quoting S.C. Code § 15–78–30(i)). The SCTCA enumerates various exceptions to the statute's general waiver of governmental immunity, including that "[t]he governmental entity is not liable for a loss resulting from: . . . institution or prosecution of any judicial or administrative proceeding." S.C. Code. § 15-78-60(23).

The Magistrate Judge reasoned that, as "[i]t is undisputed that Defendant Town of Summerville is a governmental entity . . . [it is] [a]ccordingly immune from suit for Plaintiff's

---

[1] The Magistrate Judge recommended that Plaintiff's malicious prosecution claim against Defendant Faison in his individual capacity survive Defendants' Motion to Dismiss. (Dkt. No. 12 at 7).

5

malicious prosecution claim." (Dkt. No. 12 at 8) (citing cases).  This Court has previously recognized that "[b]ecause the first element of a malicious prosecution claim requires the institution or continuation of original judicial proceedings, '[i]t is fairly clear from the plain language of the statute, particularly § 15-78-60(23), that the legislature intended to exclude claims for malicious prosecution from the waiver of immunity for governmental entities in the [SCTCA].'" *Land v. Barlow*, No. 2:21-CV-01883- RMG-MHC, 2021 WL 6495298, at *9 (D.S.C. Nov. 17, 2021) (quoting *Thompson v. City of Columbia*, No. 3:05-CV-1605, 2005 WL 8164911, at *4 (D.S.C. July 21, 2005)), *report and recommendation adopted*, 2021 WL 5997984 (D.S.C. Dec. 20, 2021).  Plaintiff contends that the South Carolina Supreme Court and South Carolina Court of Appeals have both permitted claims of malicious prosecution to proceed against government entities, which in its view indicates that such claims are not barred by the exception to the SCTCA's waiver of immunity. (Dkt. No. 13 at 2) (citing Dkt. No. 11 at 1-4).  It asks this Court to certify this question to the South Carolina Supreme Court if the Court is not satisfied by the interpretation by South Carolina state appellate courts on this issue. (*Id.*).

On this Court's review, none of the cases cited by Plaintiff discuss the application of the exception to SCTCA immunity for "institution or prosecution of any judicial or administrative proceeding" to a malicious prosecution claim.  Rather, Plaintiff relies on the *absence* of the courts' discussion of immunity in their malicious prosecution analyses in support of its argument that such claims are not excepted from the SCTCA's waiver of immunity. (*See, e.g. id.* at 3 n.1 (citing a South Carolina Supreme Court case where the Supreme Court "painstakingly went through the elements of the tort, asking whether each had been met" rather than "sayi[ing] '[a]ll this discussion is beside the point, because the TCA voids the claims.'").  On this shaky ground—and contrasted with the slew of cases in this district recognizing that malicious prosecution claims are excluded

6

from the SCTCA's waiver of immunity—the Court overrules Plaintiff's objection. *See, e.g.*, *Land v. Barlow*, No. 221CV01883RMGMHC, 2021 WL 6495298, at *9 (D.S.C. Nov. 17, 2021), *report and recommendation adopted*, No. 2:21-CV-1883-RMG, 2021 WL 5997984 (D.S.C. Dec. 20, 2021) (dismissing malicious prosecution claims against police department and town); *Bellamy v. Horry Cty. Police Dep't*, No. 419CV03462RBHKDW, 2020 WL 2559544, at *5 (D.S.C. Apr. 30, 2020), *report and recommendation adopted*, No. 419CV03462RBHKDW, 2020 WL 2556953 (D.S.C. May 20, 2020) (dismissing malicious prosecution claim against police department); *Grant v. Berkeley Cnty. Sheriff's Off.*, No. 2:24-CV-4262-RMG-MHC, 2024 WL 4291416, at *8 (D.S.C. Sept. 6, 2024), *report and recommendation adopted*, No. 2:24-CV-4262-RMG, 2024 WL 4286217 (D.S.C. Sept. 25, 2024) (same).

### IV.    Conclusion

In light of the foregoing, the R&R is **ADOPTED** as the Order of the Court and Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. (Dkt. No. 6). Plaintiff's claims against Defendant SPD are **DISMISSED**. Plaintiff's Section 1983 claims against Defendant Town of Summerville and Defendant Faison in his official capacity[2] and malicious prosecution claims against Defendant Town of Summerville and Defendant Faison in his official capacity are **DISMISSED.** Plaintiff's malicious prosecution claim against Defendant Faison in his individual capacity and negligence/gross negligence claim against Defendant Town of Summerville **SURVIVE** dismissal.

**AND IT IS SO ORDERED.**

---

[2] Defendants did not move to dismiss Plaintiff's Section 1983 claim against Defendant Faison in his individual capacity.

                                                           <u>s/Richard M. Gergel</u>
                                                          Richard Mark Gergel
                                                          United States District Judge

October 17, 2024
Charleston, South Carolina