**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

Tony Leake,

Plaintiff,

v.

Officer Dillion M. Faison and the Town of Summerville,

Defendants.

Case No. 2:24-cv-4008-RMG

**ORDER**

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that the Court grant Defendants' motion for summary judgment regarding Plaintiff's § 1983 claim and remand the remaining pendent state claims to state court. (Dkt. No. 49). Plaintiff has filed objections to the R & R, Defendants have filed a response in opposition, and Plaintiff has filed a reply. (Dkt. Nos. 60, 61, 64).

## I. Background

Plaintiff was arrested for public disorderly conduct while dining at Carolina Ale House in Summerville, South Carolina, on May 9, 2022. Plaintiff, who was a part of a party of 25, was seated in the public section of the restaurant. While at the restaurant, Plaintiff and the manager of Carolina Ale House had a verbal altercation concerning payment of the bill. Plaintiff explained to management that, because there was a fly in the drink of one of the members of Plaintiff's group and some of the group's food was cold, they did not have to pay for the food. In response, the manager insisted that the group would not "skip out of this food." Thereafter, management of the restaurant called the Summerville Police Department requesting assistance regarding Plaintiff and his party's refusal to pay. (Dkt. Nos. 32-1 at 4, 32-2 at 3).

Defendant Faison, an officer with the Summerville Police Department, arrived at the scene with his immediate supervisor. As the officers attempted to assess the situation, they observed Plaintiff "being boisterous and using obscene language" within earshot of other restaurant patrons. Video footage of the scene was accurately summarized by the Magistrate Judge as follows:

> The video footage depicts Plaintiff, in the presence of the officers and other patrons, repeatedly raising his voice and also loudly using profanity in the middle of the restaurant while standing at his table. Plaintiff's own party was unable to calm him down at times, and he ignored an officer's request to stop cursing in the restaurant. Further, it appears undisputed that patrons were leaving the restaurant during the incident.

(Dkt. No. 49 at 13).

The Magistrate Judge further described the circumstances that occurred immediately before Plaintiff's arrest for public disorderly conduct:

> Plaintiff then stands up and shortly after, an officer approaches and says, "let me tell you something. You curse one more time, you're going to jail." That officer then walks away from the table again and remains nearby.
>
> While still standing at the table, Plaintiff curses something like, "these mother fuckers talking to me about bullshit. He then yells, "fuck them mother fuckers, man!" Plaintiff's party tries to get him to leave the restaurant, and he says something like, "these mother fuckers right here." The officers then approach Plaintiff again and arrest him. The video shows that other patrons were in the restaurant throughout these events.

(*Id*. at 12).

Plaintiff acknowledged in his deposition that he was speaking to his family in a loud voice in the public area of the restaurant with other patrons nearby. (Dkt. No. 32-1 at 9, 11-12). He admitted that he was using language that was "obscene or profane," including the words "mother fucker" and "bullshit." (*Id*. at 11-12). Plaintiff also acknowledged that the officers overheard him

repeatedly using profanity, and that his arrest occurred after the officers "heard me say 'mother fucker.'" (*Id*. at 8).

Plaintiff asserts claims of unconstitutional seizure under 42 U.S.C. § 1983 and state law claims for false arrest/false imprisonment, defamation, and malicious prosecution against Defendant Faison and negligence/gross negligence against the Town of Summerville. Plaintiff argues that his statements and conduct are protected by the First Amendment and that, consequently, there was no probable cause to arrest him. Defendants moved for summary judgment on all claims. The Magistrate Judge recommended that Defendants' motion for summary judgment be granted regarding Plaintiff's § 1983 claim, finding that there was probable cause for Defendant Faison to arrest Plaintiff for public disorderly conduct. The Magistrate Judge further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (Dkt. No. 49).

Plaintiff has filed six objections to the R & R. These objections have been fully briefed, and the matter is ripe for disposition.

## I. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R&R to which Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**B. Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross,* 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' " in support of the non-moving party's case.

*Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.,* 190 F.3d 285, 287 (4th Cir. 1999).

**C. Qualified Immunity**

When evaluating a qualified immunity defense, the Court must determine (1) whether the facts alleged, taken in a light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "Clearly established" means that, "at the time of the officer's conduct, the law was 'sufficiently clear' that 'every reasonable official would understand that what he is doing' is unlawful." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent" and must be "settled law." *Id*. Qualified immunity is denied to a law enforcement officer when that officer "transgresses bright lines" and there are no "gray areas" where the law is unclear. *Willingham v. Crooke*, 412 F.3d 553, 558 (4th Cir. 2005).

**II. Discussion**

Plaintiff was arrested for public disorderly conduct under South Carolina Code § 16-17-530(a), which provides that "[a] person who . . . conducts himself in a disorderly or boisterous manner" in a "public place or gathering" is guilty of a misdemeanor. South Carolina case law has distinguished conduct that involves a person's communication with law enforcement officers outside of public spaces with conduct in public spaces with members of the public present. Where words are exchanged with police officers without the public present, a person can be prosecuted for public disorderly conduct only where it is shown that he was utilizing "fighting words." As the South Carolina Supreme Court held in *State v. Perkins*, 412 S.E.2d 385, 386 (S.C. 1991), "[t]o

punish only spoken words addressed to a police officer, a statute must be limited in scope to fighting words that 'by their very utterance inflict injury or tend to incite an immediate breach of the peace.'" (citation omitted). This special rule for communications between citizens and police officers is based on the premise that "a properly trained police officer may reasonably be expected to exercise a higher degree of restraint than the average citizen." *Id.* at 354-55 (citation omitted).

South Carolina courts have upheld convictions for public disorderly conduct where a person's loud, profane language is spoken in the presence of bystanders, involves other aggressive behavior, and the profane words are repeatedly uttered. *See, e.g.*, *City of Landrum v. Sarratt*, 572 S.E.2d 476, 478 (S.C. Ct. App. 2002). The fact that words are vulgar or offensive is alone not sufficient to constitute a violation of the statute. *Id*.

The South Carolina Court of Appeals in *State v. Bailey*, 626 S.E.2d 898, 899 (S.C. Ct. App. 2006), highlighted the difference between communications between a citizen and a police officer outside the presence of bystanders and "extremely argumentative and loud and boisterous" conduct in the presence of bystanders. In *Bailey*, the defendant had a dispute with a gas station attendant concerning whether he had paid for some gas. When the officers arrived, the defendant was inside the gas station and engaged in very loud and abusive conduct with customers present. The officers asked the defendant to step outside, and he continued to make angry statements outside the presence of customers. The Court of Appeals overturned the conviction because the defendant was arrested only after his argument with the police officers. The *Bailey* court found that while the defendant engaged in disorderly conduct inside the store with bystanders present, he was only prosecuted for his argument with the police officers outside the presence of the public. *Id*. at 902. *Cf. City of Columbia v. Brown*, 450 S.E.2d 117, 119-120 (S.C. Ct. App. 1994) (conviction upheld where defendant was arrested for public disorderly conduct "while shouting obscenities and racial

slurs on a public street while private citizens were approaching" and was told at least three times by the officers to leave).

Plaintiff argues that the Fourth Circuit's decision in *United States v. Bartow*, 997 F.3d 203 (4th Cir. 2021), establishes that his conduct was protected by the First Amendment. In *Bartow*, the Plaintiff was prosecuted under a Virginia statute making it unlawful to use "abusive language." Bartow was arrested after uttering a highly offensive racial slur in a public space. Bartow was prosecuted simply for uttering the offensive word without evidence of other disruptive conduct. The Fourth Circuit upheld the well settled principle that a person cannot be prosecuted solely for uttering offensive words.

South Carolina court decisions have followed the same reasoning as *Bartow*, that words alone cannot constitute a violation of the statute. Here, Plaintiff's conduct involved loud, profane and boisterous conduct in a public space with bystanders nearby in which the police officer (and his own family members) attempted to calm him down.

With this background, the Court now addresses Plaintiff's objections to the Magistrate Judge's R & R:

1. <u>Objection One: Plaintiff's arrest was unconstitutional because he did not use "fighting words</u>."

South Carolina case law distinguishes between verbal disputes with police officers and citizen outside the presence of bystanders and loud, boisterous and profane conduct in the presence of bystanders in a public space. Plaintiff's conduct, which was ably summarized in the R & R, falls outside of the *Perkins* line of cases and squarely within the holdings of *City of Landrum*, *State v. Bailey*, and *City of Columbia* summarized above. Plaintiff's argument and language were directed at the restaurant's management and the decision not to waive the bill for 25 people because a fly was found in the drink of one of the patrons and some of the food was cold. The video shows

Defendant Faison arresting Plaintiff only after he repeatedly engaged in his loud and profane conduct in the restaurant with other patrons nearby. Under these circumstances, the Magistrate Judge correctly found that Defendant Faison had probable cause to arrest Plaintiff for public disorderly conduct. The Court overrules this objection.

2. Objection Two: The Magistrate failed to use the proper definition of "fighting words" and the findings of the R & R are based on disputed facts.

Plaintiff objects to the following statement in the R & R:

> And assuming arguendo, the fighting words exception does apply here, the facts and circumstances within Faison's knowledge were sufficient to warrant a reasonable person to believe that Plaintiff was using fighting words, given his repeated, loud use of curse words in the middle of a public restaurant, his body language, and his refusal to listen [to] his party's pleas to calm down. *See Sarratt*, 572 S.E.2d at 478. ("Some of the factors to consider in determining if profanity constitutes fighting words are the presence of bystanders, the accompaniment of other aggressive behavior, and whether the words are repeatedly uttered.).

(Dkt. No. 49 at 17).

The Magistrate Judge's statement correctly applied controlling law about the circumstances under which a person may be lawfully charge with public disorderly conduct under South Carolina law. Further, the facts set forth in the statement are supported by the video taken by a member of Plaintiff's party and Plaintiff's own deposition testimony. The Court overrules this objection.

3. Objection Three: The missing body cam video precludes summary judgment:

Plaintiff correctly observes that the officers' body cam video could not be located. Initially, Defendants stated that the video was deleted when the charge against Plaintiff was expunged. Later, it was stated that the video was lost when there was a cyber attack on the town's server. (Dkt. No. 60 at 20). There is no evidence that Defendants intentionally destroyed the video, and

there was never an effort to assert a spoilation claim against Defendants. Further, a family member filmed much of the encounter on her telephone, and Plaintiff forthrightly admitted in his deposition that he was speaking to his family in a loud voice with patrons nearby and used such terms repeatedly as "mother fucker" and "bullshit." (Dkt. No. 32-1 at 8, 9, 11-12).

Plaintiff points to no authority that a missing piece of evidence precludes summary judgment. Moreover, the Court has relied exclusively on the information from the video Plaintiff produced and his deposition testimony for the factual findings of this Order. The Court overrules this objection.

4. Objection Four: There is no pleading problem:

Plaintiff apparently objects to the Magistrate Judge's reference to his argument that his arrest for public disorderly conduct violated his First Amendment rights when he did not assert a claim under the First Amendment. (Dkt. No. 49 at 15). This issue is immaterial to the decision of the Court. If Plaintiff's arrest had violated his First Amendment rights (which the Court finds it did not), it would have been sufficient to assert an unlawful seizure claim because there would not have been probable cause to arrest him. The Court overrules this objection as immaterial.

5. Objection Five: Plaintiff neither needs nor makes a facial challenge:

The Court understands Plaintiff made an "as applied" challenge. This issue is immaterial to the Court's decision, and thus this objection is overruled.

6. Objection Six: The R & R's qualified immunity and supplemental jurisdiction recommendation are based on an erroneous probable cause finding.

As the Court set forth above, Defendant Faison had probable cause to arrest Plaintiff based upon the totality of circumstances present. Consequently, the Magistrate Judge's recommendations regarding qualified immunity and supplemental jurisdiction were proper. The Court overrules this objection.

The Court further concurs with the Magistrate Judge's finding that Defendant Faison was entitled to qualified immunity. (Dkt. No. 49 at 17-18). First, Plaintiff has failed to establish a violation of his constitutional rights. Second, even if a court were to find that under the circumstances of Plaintiff's arrest that his constitutional rights were violated, the law in this area would not meet the "clearly established" standard that "every reasonable official would understand that what he is doing is unlawful." *District of Columbia v. Wesby*, 583 U.S. at 63. Consequently, even if Plaintiff were to prevail on his unlawful seizure claim, Defendant Faison would be entitled to qualified immunity.

## III. Conclusion

In light of the foregoing, the Court hereby **ADOPTS** the R & R (Dkt. No. 49) as the Order of the Court, as further clarified by this Order. The Court **GRANTS** Defendant Faison's motion for summary judgment on Plaintiff's § 1983 claim (Dkt. No. 32) and **DISMISSES** the § 1983 claim against him **WITH PREJUDICE**. All remaining claims of Plaintiff arise under state law. The Court declines to exercise its jurisdiction over the pendent state claims and remands the state law claims to the Berkeley County Court of Common Pleas.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

August 17, 2026
Charleston, South Carolina